UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-201-GWU

CHARLES STRUNK,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

**INTRODUCTION**

Charles Strunk brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   <u>See</u>  20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

08-201  Charles Strunk

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

08-201  Charles Strunk

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

08-201  Charles Strunk

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Strunk, a 45-year-old former laboratory technician and lumber skidder operator with a high school education, suffered from impairments related to the residuals of being status post right shoulder dislocation and clavicle fracture, discogenic and degenerative disorders of the back, hypertension, and depression.  (Tr. 11, 17-18).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 15, 17).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 18-19).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court

7

08-201  Charles Strunk

must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert James Miller included an exertional limitation to medium level work restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally climb ladders, ropes or scaffolds; (2) a need to avoid exposure to unprotected heights or hazardous machinery; (3) a need to avoid exposure to temperature extremes or excessive humidity levels; and (4) a limitation to performing simple one or two step instructions in an object-focused work environment.  (Tr. 65).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 66).  The ALJ then added a restriction concerning an inability to perform overhead motions with the right upper extremity. (Id.).  Miller indicated that this would reduce the job number but leave a significant number available.  (Id.).  The ALJ then changed the question to include a light exertional level and a sit/stand option in 30 minute intervals along with all the other previously cited factors.  (Id.).  The witness once more identified a significant number of jobs as being available.  Therefore, assuming that the vocational factors considered by Miller fairly characterized Strunk's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. Raymond Santucci examined Strunk

8

and diagnosed chronic low back pain, possible sciatica, exogenous obesity and being status post ankle fusion.  (Tr. 253).  Dr. Santucci indicated that the plaintiff's subjective complaints were not consistent with the objective findings.  (Id.).  The doctor opined that the claimant could perform activities commensurate with his age.  (Id.).  Dr. Jorge Baez-Garcia, a non-examining medical reviewer, indicated that Strunk would be restricted to medium level work reduced from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds.  (Tr. 291-298).  The ALJ's findings were consistent with these opinions.  Such treating and examining sources as Dr. Howard Lynd (Tr. 197-201), the staff at Lake Cumberland Regional Hospital (Tr. 202-226), the staff at the Imaging Center (Tr. 227-230), the staff at South Fork Clinic (Tr. 231-247, 308-333), and Dr. Yasser Nadim (Tr. 248-249) did not identify more severe physical restrictions than those found by the ALJ.  These reports provide substantial evidence to support the administrative decision.

Dr. Francis Pimental identified extremely severe physical restrictions on a Medical Assessment of Ability to do Work-Related Activities Form including an inability to lift more than 10 pounds, sit for more than a total of two  hours, and stand or walk for more than a total of 15 minutes.  (Tr. 334-338).  When these restrictions were presented to the vocational expert, he could cite no jobs which could still be performed.  (Tr. 67).  During the hearing, Strunk testified that he had taken the form to Dr. Pimental who completed the form based on the plaintiff's own estimation as

08-201  Charles Strunk

to how much he could lift or sit.  (Tr. 63-64).  The ALJ rejected Dr. Pimental's opinion as binding because the information was based on the claimant's own responses rather than that of the physician's opinion based on his objective findings.  (Tr. 17).  This action appears appropriate.  Therefore, the ALJ dealt properly with the evidence of record relating to Strunk's physical condition.

The ALJ also dealt properly with the evidence of record relating to Strunk's mental condition.  The record was reviewed by Psychologist Larry Freudenberger (Tr. 263-276) and Laura Cutler (Tr. 277-290), each of whom opined that Strunk's mental problems were "less than severe."  The ALJ's findings were consistent with these opinions.

Psychologist Reba Moore examined Strunk and diagnosed alcohol abuse, a dysthymic disorder, and borderline intelligence.  (Tr. 305).  Moore rated the plaintiff's ability as "fair" in most areas of functioning.  (Tr. 306-307).  The ALJ rejected this opinion as binding.  (Tr. 15).  This action appears appropriate.  Moore indicated that her limitations were based in part upon physical restrictions outside her area of expertise.  (Tr. 306-307).  The examiner also noted a diagnosis of alcohol abuse.  Public Law 104-121 now prohibits an award of Social Security Disability benefits when drug or alcohol abuse is a contributing material factor. Therefore, under these circumstances, the ALJ was free to reject Moore's opinion.

10

08-201  Charles Strunk

The undersigned concludes that the administrative decision should be affirmed.   Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22nd day of April, 2009.

**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**